IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUSTUS C.[1]<br><br>                Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br>  Acting Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-20 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Justus C. appeals the denial of his application for supplemental security income under Title XVI of the Social Security Act. After careful consideration of the entire record and the parties' briefs, the Commissioner's decision is affirmed, and Mr. C's Motion for Review of Agency Action is denied for the reasons set forth herein.[2]

## BACKGROUND

Plaintiff filed an application for Title XVI Supplemental Security Income on December 30, 2019, alleging disability beginning on January 1, 2018, due to schizoaffective disorder, bipolar type. Plaintiff later amended his alleged onset date to December 13, 2019. (Tr. 331.) After his claim was initially denied, Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on June 30, 2021. Following the hearing, the ALJ entered a

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

decision denying SSI benefits that was upheld by the Appeals Council. The matter was then brought before this court.

In his decision the ALJ followed the agency's five-step sequential evaluation process in determining disability.[3] At step two, the ALJ found Plaintiff has the severe impairments of schizoaffective disorder, bipolar type. The ALJ found at step three that Plaintiff's impairments did not meet or medically equal a listed impairment. *See* 20 CFR 404.1520(d), 404.155, and 404.1526. After considering the record, the ALJ found Plaintiff has the residual functional capacity (RFC) to understand, remember, and carry out simple, routine, and repetitive tasks; perform goal-oriented but not assembly line-paced work; occasionally interact with coworkers and supervisors; have brief and superficial interaction with the general public; and adapt to routine changes in the workplace. (Tr. 17.) Finding no past relevant work, the ALJ moved to step five, where after receiving the testimony of a Vocational Expert (VE), the ALJ found Plaintiff could perform other work as a janitor, automobile detailer, and hand packager. Thus, Plaintiff was not disabled. The agency's Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision final for purposes of judicial review. *See* 20 C.F.R. § 404.918; *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003). Plaintiff asserts multiple errors in the ALJ's decision that the court addresses below.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

---

[3] *See* 20 CFR 404.1520(a) (describing the five-step evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework the Social Security Administration uses to determine disability).

citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek,* 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## DISCUSSION

It is clear from the record that Plaintiff faces some serious challenges. He has a long history of psychiatric issues with a diagnosis of schizoaffective disorder, bipolar type. Plaintiff's work history is extremely limited and there is no evidence of any past relevant work. From a positive standpoint, it appears Plaintiff is successfully managing his past drug use and has been sober for quite some time. The question before the court concerns whether the ALJ's decision to deny Plaintiff SSI is supported by substantial evidence. Plaintiff raises two primary arguments in his favor. First, he asserts the ALJ improperly rejects Dr. Jeremy Thueson's medical opinion including Dr. Thueson's

concerns about potential side effects from Plaintiff's medications. Second, Plaintiff argues the ALJ improperly minimized the severity of his impairments and the ALJ's decision is not supported by substantial evidence.

### A. The ALJ properly evaluated Dr. Thueson's opinion

Because Plaintiff filed for benefits after March 27, 2017, the ALJ was charged with applying a new set of regulations for evaluating medical evidence. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01, 2017 WL 168819(F.R.). The revised standards eliminate any hierarchy among the medical opinions and give no deference to any opinion like that under the prior treating physician rule. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").

Under the new regulations, the most important focus is on the "persuasiveness of medical opinions and prior administrative findings", supportability, and consistency. *Id.* The regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

Dr. Thuesen is Plaintiff's treating psychiatrist throughout the relevant time frame. He provided a medical source statement that sets forth some of Plaintiff's serious issues. Dr.

4

Thuesen noted that Plaintiff's prognosis was "poor- symptoms tend to worsen with time and side effects from medications can be cumulative and progressive so symptoms burden tends to increase over time." (Tr. 457.) He opined that Plaintiff would be absent from work more than three times a month and would have difficulty working at an unskilled repetitive full-time job. *See id.* He also opined that, for purposes of the B criteria in the Listings, Plaintiff experienced three marked limitations and one extreme limitation. *See id.*

Plaintiff argues the ALJ failed to provide "specific, legitimate reasons for disregarding a treating physician's opinion." (ECF No. 17 p. 13.) This argument is misplaced because it focuses on the pre 2017 treating physician standard and not the new relevant standard in this case. The cases Plaintiff cites apply this prior standard or are outside of this circuit. *See, e.g., Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003) (noting that under the regulations an ALJ must "'give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion.'") (citation omitted); *Doyle v. Barnhart*, 331 F.3d 758 (10th Cir. 2003) (same).

The ALJ first found Dr. Thueson's opinion unpersuasive. The ALJ noted the treating relationship with Plaintiff and the credible elements of Dr. Thueson's opinion, but determined it is "inconsistent with the overall evidence and is indeed contradicted and undermined by his own treatment notes." (Tr. 20.) The ALJ then cites specific examples of inconsistencies—the lack of noting any significant side effects from medications, the good symptom control with medications, and the mental status examinations, including those done by Dr. Thueson in the record, that are inconsistent with Dr. Thueson's opinions. The ALJ further found that Dr. Thueson's "opinion is undermined by his own statements/observations in contemporaneous treatment notes" providing an example from October 20, 2020, where Plaintiff reported that

5

despite feeling like he had "body scans" from an external source, he was not distressed by it. (Tr. 20-21.) Finally, in the record the ALJ notes the consistency of the opinions of others in the record that undermine some of Dr. Thueson's opinions.

The court finds this analysis is sufficient to satisfy the new 2017 standards of persuasiveness, supportability, and consistency. Although the ALJ did not specifically mention the word "supportability" in the decision, it is clear from the ALJ's analysis that he considered the supportability of the medical opinions in the record. Thus, there is no error in the ALJ's analysis of Dr. Thueson's opinion. Plaintiff's invitations to apply the older outdated standard is declined.

**B. The ALJ considered Plaintiff's impairments and the record contains substantial evidence supporting his decision.**

Plaintiff argues the ALJ essentially cherry picked among the record to find evidence favorable to his position while ignoring other evidence. An ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). Here, the ALJ specifically noted Plaintiff's symptoms including "social anxiety, panic attacks, delusions, paranoia, auditory hallucinations, depressed modd, diminished interest, guilt, sleep disturbance, low energy, guilt, poor concentration, restless sleep, and decreased appetite." (Tr. 16.) The ALJ also noted Plaintiff's struggles in attending to personal care, along with finding moderate limitations in interacting with others, in maintaining pace, and adapting to circumstances. The ALJ did not "barely mention" the contrary record evidence like in *Hardman*, rather, the ALJ noted the evidence and

6

provided reasoning why it was unpersuasive. Plaintiff's argument of cherry picking the record fails.

Plaintiff takes issue with the ALJ's treatment of his symptoms arguing he did not treat them seriously and hardly mentioned them. Once again, the record belies Plaintiff's position. The ALJ cited to the improvements with medicine that even Plaintiff admitted experiencing, along with other reports that undermine this position. The court finds no error here. Plaintiff's argument regarding the Part B criteria is linked to this argument and is likewise rejected based on the ALJ's analysis.

Finally, Plaintiff argues that at step five, the ALJ improperly relied on the testimony of the VE because he offered a hypothetical question that was deficient. The court disagrees. At step five of the sequential evaluation process, the burden shifts to the Commissioner to identify specific jobs existing in substantial numbers in the national economy that Claimant can perform despite the identified limitations. Testimony of a VE may be taken, but it must come in response to an accurate hypothetical. "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724) (8th Cir. 1990)).

Here, the ALJ's hypothetical questions posed to the VE accurately reflect the RFC determination. While Plaintiff asserts his RFC should be more restrictive, the evidence in the record does support the ALJ's RFC determination. And that is enough under the applicable standard on review. Accordingly, this argument also fails.

7

## CONCLUSION AND ORDER

The ALJ's decision is supported by substantial evidence in the record and the correct legal standards were applied. Accordingly, for the foregoing reasons, the decision of the Commissioner is affirmed. The Clerk of Court is directed to close this case and enter judgment in favor of the Commissioner.

DATED this 19 January 2023.

_____
Dustin B. Pead
United States Magistrate Judge